# Supreme Court of Florida

No. SC22-1291

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR – CHAPTERS 6 AND 21.**

February 2, 2023

PER CURIAM.

The Florida Bar (Bar) petitions this Court to amend chapters 6 and 21 of the Rules Regulating The Florida Bar.[1]  It asks that we amend rules 6-3.6 (Recertification), 6-10.3 (Minimum Continuing Legal Education Standards), 6-12.4 (Deferment and Exemption), 6-22.1 (Generally), 6-22.3 (Minimum Standards), and 21-3.1 (Continuing Legal Education).  Most of the proposed amendments are minor technical changes, with the only notable change being the addition of language to rules 6-22.1 and 6-22.3 to close the certification in antitrust and trade regulation to new applicants, as there has not been any new applicants for the certification for the

---

1.  We have jurisdiction.  *See* art. V, § 15, Fla. Const.; *see also* R. Regulating Fla. Bar 1-12.1.

past 12 years. *See* R. Regulating Fla. Bar 6-3.14 (Sunset of Certification Areas).

The proposed amendments were approved by the Board of Governors of The Florida Bar on a voice vote without objection, and consistent with rule 1-12.1(g), the Bar published formal notice of its intent to file the petition in *The Florida Bar News*. The notice directed interested parties to file comments directly with the Court. No comments were received.

Having considered the Bar's petition and the proposed amendments, we hereby amend chapters 6 and 21 of the Rules Regulating The Florida Bar as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments shall become effective April 3, 2023, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

Joshua E. Doyle, Executive Director, Gary S. Lesser, President, F. Scott Westheimer, President-elect, and Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, The Florida Bar, Tallahassee, Florida,

for Petitioner

# Appendix

## RULE 6-3.6.    RECERTIFICATION

**(a)    Duration of Certification.**  No certificate ~~shall~~ lasts for a period longer than 5 years.

**(b)    Minimum Standards for Proficiency.**  Each area of certification established under this chapter ~~shall~~ contains requirements and safeguards for the continued proficiency of any certificate holder.  The following minimum standards ~~shall~~ apply:

(1)    ~~A~~a satisfactory showing of substantial involvement during the period of certification in the particular area for which certification was granted~~.~~;

(2)    ~~A~~a satisfactory showing of ~~such~~ continuing legal education in the area for which certification is granted but in no event less than 50 credit hours during the 5-year period of certification~~.~~;

(3)    ~~Satisfactory~~satisfactory peer review and professional ethics record in accordance with rule 6-3.5(c)(6)~~.~~;

(4)    ~~Any applicant for recertification who is not, at the time of application for recertification, a member~~membership in good standing of The Florida Bar ~~or~~and any other bar or jurisdiction in which the applicant is admitted~~, as a result of discipline, disbarment, suspension, or resignation in lieu thereof, shall be denied recertification.  The fact of~~; a pending disciplinary complaint or malpractice action against an applicant for recertification ~~shall~~may not be the sole basis to deny recertification~~.~~; and

(5)    ~~The~~ payment of any fees prescribed by the plan.

**(c)**    [No Change]

**RULE 6-10.3.  MINIMUM CONTINUING LEGAL EDUCATION STANDARDS**

(a)    **Applicability.**  Every member, except those exempt under subdivision (c) of this rule, must comply and report compliance with the continuing legal education requirement except those exempt under subdivision (c) of this rule.  Members must apply for and receive approval by the bar of an exemption from compliance and reporting of continuing legal education under subdivisions (c)(1) through (c)(3) of this rule.  Members described in subdivisions (c)(4) through (c)(6) of this rule are automatically exempt from compliance and reporting of continuing legal education.

(b)    **Minimum Hourly Continuing Legal Education Requirements.**  EachEvery member must complete a minimum of 33 credit hours of approved continuing legal education activity every 3 years.  At least 5 of the 33 credit hours must be in approved legal ethics, professionalism, bias elimination, substance abuse, or mental illness awarenesshealth and wellness programs, with at least 1 of the 5 hours in an approved professionalism program, and at least 3 of the 33 credit hours must be in approved technology programs.  If a member completes more than 33 credit hours during any reporting cycle, the excess credits cannot be carried over to the next reporting cycle.

(c)    **Exemptions.**  Eligibility for an exemption, in accordance withunder policies adopted under this rule, is available for:

(1)-(6)    [No Change]

(d)    **Course Approval.**  Course approval is set forth in policies adopted pursuant tounder this rule.  Special policies will be adopted for coursesCourses sponsored by governmental agencies for employee lawyers thatare exempt these courses from any course approval fee and may exempt these courses from other requirements as determinedunder policies adopted by the board of legal specialization and education.  The board of legal specialization and education may not approve any course with a sponsor,

- 5 -

including a section of The Florida Bar, that uses quotas based on race, ethnicity, gender, religion, national origin, disability, or sexual orientation in the selection of course faculty or participants.

**(e)** [No Change]

**(f)** **Full-time Government Employees.** Credit hours will be given to full-time government employees for courses presented by governmental agencies. Application for credit approval may be submitted by the full-time government lawyer before or after attendance, without charge.

**(g)** [No Change]

## RULE 6-12.4. DEFERMENT AND EXEMPTION

**(a)** **Deferment of Practicing with Professionalism Requirement.**

(1) *Deferment Eligibility.* A member of The Florida Bar is eligible to defer compliance with the requirements of rule 6-12.3(a)(1), if:

(A)-(B) [No Change]

(C) the member is a nonresident member whose primary office is outside the state of Florida; or

(D) the member elects inactive membership status in The Florida Bar; or

(E) the member is a full-time government employee who had benefitted from the deferment of the Practicing with Professionalism requirement as of its May 12, 2005, elimination, as long as the member continuously remains in government practice.

(2)    *Deferment Expiration.*  A deferment of the requirements of rule 6-12.3(a)(1) as provided under this rule ~~shall~~ expire~~s~~ ~~at the time~~when the member is no longer eligible for deferment.  ~~Upon~~On expiration, a member must:

(A)-(B)  [No Change]

**(b)    Deferment of Basic Level YLD Courses.**

(1)    [No Change]

(2)    *Deferment Expiration.*  A deferment of the requirements of rule 6-12.3(a)(2) as provided under this rule ~~shall~~ expire~~s~~ ~~at the time~~when the member is no longer eligible for deferment.  ~~Upon~~On expiration, a member must:

(A)-(B)    [No Change]

**(c)    Exemption.**

(1)    *Governmental Practice.*  ~~An exemption from rule 6-12.3(a)(1) shall be granted if a member who had benefitted from the deferment of the Practicing with Professionalism requirement as of its May 12, 2005, elimination has already or thereafter been continuously engaged in the practice of law for a Florida or federal governmental entity as a full-time governmental employee for a period of at least 6 years.  An~~The bar will grant an exemption from the 3 elective, basic, substantive continuing legal education programs sponsored by the YLD required by rule 6-12.3(a)(2) ~~shall be granted~~ if a member has been continuously engaged in the practice of law for a Florida or federal governmental entity as a full-time governmental employee for a period of at least 6 years.

(2)    *Foreign Practice.*  ~~An~~The bar will grant an exemption from the 3 elective, basic, substantive continuing legal education programs sponsored by the YLD required by rule 6-12.3(a)(2) ~~shall be granted~~ if a member has been continuously engaged in the practice of law (non-governmental) in a foreign jurisdiction for a period of 5 years, can demonstrate completion of ~~30~~33 hours of

approved continuing legal education within the immediate 3-year period, and can attest that the continuing legal education completed has reasonably prepared the member for the anticipated type of practice in Florida.

## RULE 6-22.1.  GENERALLY

~~A lawyer who is a member in good standing of The Florida Bar and meets the standards prescribed below may be~~<u>This certification area is closed to new applicants.  Each lawyer who has been certified under this subchapter has been</u> issued a certificate identifying the lawyer as "Board Certified in Antitrust and Trade Regulation Law."  The purpose of the standards is to identify those lawyers who practice in the area of antitrust law, unfair methods of competition, and deceptive, unfair, or unconscionable trade practices and who have the special knowledge, skills, experience, and judgment, as well as the character, ethics, and reputation for professionalism, to be properly identified to the public as board certified in antitrust and trade regulation law.  ~~Applicants are required to establish~~<u>Lawyers who are certified in this area have established</u> that they have a special ability as a consequence of broad and varied experience in antitrust and trade regulation law, including the following:

**(a)-(d)**      [No Change]

## RULE 6-22.3.  MINIMUM STANDARDS

<u>This certification area is closed to new applicants.</u>

**~~(a)    Substantial Involvement and Competence.~~**  ~~The applicant must demonstrate continuous and substantial involvement and competence in substantive antitrust principles and deceptive, unfair, or unconscionable acts or practices in multiple areas of commerce to become certified as an antitrust and trade regulation lawyer.  Substantial involvement and competence must be demonstrated by the following.~~

- 8 -

(1)    *Minimum Period of Practice.*  ~~The applicant must have practiced law for 5 years immediately preceding the filing of the application for certification, during which the applicant was involved in at least 8 matters that substantially involved antitrust or trade regulation law.~~

(2)    *Minimum Number of Matters.*  ~~The applicant must have handled a minimum of 8 contested matters that involved representation of a client beyond counseling during the 10 years immediately preceding application.  Each of these matters must have substantially involved legal and factual issues, and at least 50 percent of the matters must have involved federal antitrust law or state or federal trade regulation law.  In each of these 8 matters, the applicant must have had senior level responsibility for a majority of the counseling, advice, and supervision of or involvement in the presentation of evidence, argument to the tribunal, and representation of the client.  The antitrust and trade regulation certification committee will consider involvement in protracted matters as separate matters for satisfaction of the 8 contested matters requirement. Every documented 300 hours of work on antitrust or trade regulation issues in a case is the equivalent of an additional matter for purposes of meeting the threshold of a minimum of 8 contested matters during the 10 years immediately preceding application.  The antitrust and trade regulation certification committee will consider the following for satisfaction in whole or in part of the requirement of 8 matters in which the applicant had senior level responsibility on good cause shown:~~

(A)    ~~verified substantial involvement in matters involving antitrust law or trade regulation law at a government agency; and~~

(B)    ~~in lieu of 2 contested matters, an applicant may submit a certificate of satisfactory completion of a nationally recognized trial advocacy course of at least 1 week's duration, in which the applicant's performance was, in whole or in part, recorded visually and critiqued by experienced trial lawyers.~~

(3) Substantial Involvement. The applicant must have substantial involvement in matters involving federal antitrust or state or federal trade regulation law sufficient to demonstrate special competence as an antitrust and trade regulation lawyer. Substantial involvement may be evidenced by active participation in client interviewing; counseling; evaluating; investigating; preparing pleadings, motions, and memoranda; participating in discovery; taking testimony; briefing issues; presenting evidence; negotiating settlement; drafting and preparing settlement agreements; or arguing, trying, or appealing cases involving antitrust law or trade regulation law.

**(b) Peer Review.** The applicant must submit names and addresses of at least 5 lawyers or judges who are neither relatives nor present or former associates or partners to complete peer review forms. Such lawyers should be substantially involved in antitrust and trade regulation law and familiar with the applicant's practice.

**(c) Education.** The applicant must complete 50 hours of approved continuing legal education in the field of antitrust and trade regulation law within the 3 years preceding the application date. Accreditation of educational hours is subject to policies established by the antitrust and trade regulation certification committee or the board of legal specialization and education.

**(d) Examination Exemption.** The applicant must pass an examination applied uniformly to all applicants to demonstrate sufficient knowledge, skills, and proficiency in antitrust and trade regulation law to justify representation of special competence to the legal profession and to the public. The award of an LL.M. degree from an approved law school in the area of antitrust or trade regulation law within 8 years of application may substitute as the written examination required by this subdivision. The applicant is exempt from any litigation portion of the examination requirement if the applicant is certified by The Florida Bar in business litigation or civil trial law and meets the minimum standards of subdivisions (a)-(c) of this rule.

# RULE 21-3.1.  CONTINUING LEGAL EDUCATION

**(a)-(b)**      [No Change]

**(c)    Minimum Ongoing Requirement.**  A lawyer certified to practice law in Florida as a military spouse must complete 11 hours of continuing legal education during each year the authorization is renewed, including 1 hour of technology ~~each year~~ and 2 hours of legal ethics, professionalism, bias elimination, substance abuse, or mental ~~illness awareness~~<u>health and wellness</u> each year.